En el Tribunal Supremo de Puerto Rico

| Rafael Nadal Arcelay<br>    Demandante-Recurrido<br><br>  .V<br><br>Departamento de Estado<br><br>    Demandado-Peticionario | Apelación<br><br>98TSPR67 |
|---|---|

Número del Caso: AC-97-0034

Abogados Parte Recurrida: Lcdo. Carlos Lugo Fiol
Procurador General
Lcda. Wanda I. Simons Garcia
Procuradora General Auxiliar

Abogados Parte Peticionaria: Lcdo. Ricardo F. Roman

Tribunal de circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Martínez Torres

Fecha: 6/12/1998

Materia: Apelación Administrativa

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Nadal Arcelay

    Recurrente-Apelado

      Vs.                 AC-97-34      Certiorari

Depto. de Estado de P.R.;
Estado Libre Asociado de P.R.

    Recurrido-Apelante

Opinión Disidente emitida por el Juez Asociado señor Hernández Denton a la cual se une la Juez Asociada señora Naveira de Rodón

San Juan, Puerto Rico, a 12 de junio de 1998.

Este Honorable Tribunal resuelve mediante sentencia, e invocando lo resuelto en Disidente Universal de P.R. Inc. v. Dpto de Estado, res. en 12 de junio de 1998, que por no cumplir el Lcdo. Nadal Arcelay con el requisito de dedicarse al periodismo como medio principal de vida, fue correcta la actuación del Departamento de Estado al negarle una credencial de prensa.

El Lcdo. Nadal Arcelay alega que la falta de la credencial de prensa le impide cumplir a cabalidad con sus responsabilidades como periodista de una de las estaciones de televisión del país. Al no poseer la credencial se le deniegan los privilegios de prensa cuando solicita información o al pretender asistir a una función. Alega además que el efecto de poseer la credencial de prensa es facilitar la labor de los periodistas al lograr un acceso rápido y efectivo a

información o cobertura de eventos. Recalca que ha sufrido el entorpecimiento de sus labores periodísticas.

En virtud de nuestros pronunciamientos en nuestra Opinión Disidente en Disidente Universal, *supra,* disentimos.

FEDERICO HERNANDEZ DENTON

Juez Asociado

EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Nadal Arcelay

    Recurrente-Apelado

       v.

                            AC-97-34      Apelación

Departamento de Estado de
Puerto Rico y otro

    Recurridos-Apelantes

SENTENCIA

San Juan, Puerto Rico, a 12 de junio de 1998

El 13 de marzo de 1996 el Lcdo. Rafael Nadal Arcelay -socio del bufete Cancio Nadal, Rivera & Díaz- solicitó al Depto. de Estado credencial de prensa. Acompañó certificación del Sr. Adalberto Morales, Director de Producción del Canal 40 de televisión expositiva de que se desempeñaba como reportero y analista de noticias en el programa <u>Análisis Noticioso</u>. Aunque en el formulario provisto por el Depto. de Estado consignó dedicarse día a día a la búsqueda de información y que el periodismo era su principal medio de vida, luego admitió a la Sra. Joanisabel González, representante de información de la Oficina de Comunicaciones del Depto. de Estado, que su medio principal de vida era el ejercicio de la profesión de abogado.

Con vista a esa aclaración, al otro día se le denegó la credencial de prensa y con ello, el beneficio de una tablilla especial. Se fundamentó en que el Lcdo. Nadal Arcelay no se dedicaba diariamente a la búsqueda de información ni el periodismo constituía su medio principal de vida, según exigido por la Sec. 2-408(e) de la Ley de Vehículos y Tránsito y el **Reglamento para Regir la Expedición, Renovación, Cancelación, Uso y Responsabilidades de las Certificaciones de Prensa**. Previo trámite de reconsideración, el Lcdo. Nadal Arcelay acudió en revisión al Tribunal de Primera Instancia, Sala Superior de San Juan.[1]

El 30 de junio de 1997, dicho foro apelativo (Hons. Rivera de Martínez, Cabán Castro Y Rivera Pérez) revocó la determinación del Depto. de Estado y ordenó celebrar vista. Aunque no declaró inconstitucional el requisito reglamentario, lo intimó al fundamentar su decisión en el caso Disidente Universal de P.R. Inc. v. Departamento de Estado, KLAA9600034, el cual invalidó dicho requisito. Inconforme, el Depto. de Estado apeló.[2]

II

Procede revocar. En Disidente Universal de P.R. Inc. v. Depto. de Estado, res. en 12 de junio de 1998, validamos el requisito de la **Ley de Vehículos y Tránsito** y **el Reglamento** antes aludido, de que la expedición de una credencial de prensa y con ello, su **único beneficio**, la tablilla especial de prensa, conlleva que el solicitante sea un miembro de la prensa activa, dedicado diariamente a la búsqueda de información y que el periodismo constituya su medio principal de vida.

---

[1] Posteriormente, el Recurso fue trasladado al Tribunal de Circuito de Apelaciones.

[2] Plantea:

"Erró el Tribunal Apelado al sostener la inconstitucionalidad de aquella parte de los artículos IIA, IIIB y IVB del **Reglamento Para Regir la Expedición, Renovación, Cancelación, Uso y Responsabilidades de las Certificaciones de Prensa**[...], que para otorgar una credencial de prensa requieren que el solicitante ejerza el periodismo como medio principal de vida.

Erró el Tribunal Apelado al concluir que en virtud de lo dispuesto por la Ley de Procedimiento Administrativo

Es obvio que el Lcdo. Nadal Arcelay no reúne los requisitos. Admitió que el periodismo no constituye su  medio principal de vida y sí su profesión de abogado. Ante tales circunstancias el Depto. de Estado actuó conforme a derecho al negarse a expedirle la credencial. Ello torna innecesaria la vista ordenada por el foro apelativo.

Se dicta sentencia revocatoria.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton emitió Opinión Disidente a la cual se une la Juez Asociada señora Naveira de Rodón. El Juez Asociado señor Corrada del Río se inhibió.


                          Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo

---

Uniforme, [...], en el caso de autos el Depto. de Estado está obligado a celebrar una vista adjudicativa."